**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN STACEY POMBO, </br></br> Petitioner, </br></br> v. </br></br> SCOTT FRAUENHEIM, Warden, </br></br> Respondent. | Case No.: 1:16-cv-01159-JLT </br></br> ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION </br></br> THIRTY DAY DEADLINE </br></br> ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Because the petitioner has failed to demonstrate he has exhausted his claims with the California Supreme Court and he has failed to sign the petition under penalty of perjury, the petition is **DISMISSED** with leave to file an amended petition within 30 days.

**I.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.     Exhaustion of Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Petitioner has alleged that he has presented his claims to the California Court of Appeal; however, he has not alleged or provided any information to support a finding that he has exhausted those claims by presenting them to the California Supreme Court. Without exhaustion of the claims, the Court must dismiss the petition. In any amended petition, Petitioner must provide the specific information regarding what claims he has raised in the California Supreme Court, when those claims were denied, and, if possible, provide copies of the state high court's orders denying those claims.
///

### III.     No Signature Under Penalty Of Perjury

Upon further examination of the petition, the Court has discovered that the petition does not contain an original signature.  Petitioner did not sign the form petition on page 16.  Local Rule 131 requires a document submitted to the Court for filing to include an original signature.  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."  If Petitioner chooses to submit an amended petition, it must be signed under penalty of perjury and dated for the Court to consider it.

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition correcting the defects identified in this order. Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**.  Petitioner is **GRANTED** 30 days from the date of service of this Order to file a first amended petition that complies with this order.  The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 10, 2016**                         **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE