UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN STACEY POMBO,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>Respondent. | No. 1:16-cv-01159-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR FAILURE TO COMPLY**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

Petitioner has failed to file an amended petition after the Court dismissed his initial petition and directed him to file an amended petition. Therefore, the Court will recommend that the action be **DISMISSED** for failure to comply.

**I.      Procedural History**

On August 8, 2016, Petitioner filed a habeas petition in this Court. After conducting a preliminary review of the petition, the Court found that Petitioner failed to demonstrate exhaustion of his state remedies and failed to sign the petition under penalty of perjury. On August 11, 2016, the Court issued an order requiring Petitioner to amend his petition within thirty days of the date of service of the order. (Doc. No. 5.) More than thirty days have passed, and Petitioner has failed to comply with or otherwise respond to the Court's order.

**II.     Dismissal for Failure to Comply with Court Order**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

1

1    or with any order of the Court may be grounds for imposition by the Court of any and all
2    sanctions…within the inherent power of the Court." District Courts have the inherent power to
3    control their dockets and "in the exercise of that power, they may impose sanctions including,
4    where appropriate…dismissal of a case. <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th
5    Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute
6    an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u>, <u>Ghazali v.</u>
7    <u>Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); <u>Ferdik v.</u>
8    <u>Bonzelet</u>, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order
9    requiring amendment of complaint).

10   In determining whether to dismiss an action for lack of prosecution, the court must
11   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
12   court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
13   policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
14   alternatives. <u>Ghazali</u>, 46 F.3d at 53; <u>Ferdik</u>, 963 F.2d at 1260-1261.

15   Here, the Court finds that the public's interest in expeditiously resolving this litigation and
16   the Court's interest in managing the docket weigh in favor of dismissal, as this case has been
17   pending since August 8, 2016. The third factor, risk of prejudice to Respondent, also weighs in
18   favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
19   in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
20   factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the
21   factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to
22   obey the court's order will result in dismissal satisfies the "consideration of alternatives"
23   requirement. <u>Ferdik</u>, 963 F.2d at 1262. The Court's order dated August 11, 2016, expressly
24   stated: "Petitioner is forewarned that failure to follow this Order may result in an Order of
25   Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110."
26   (Doc. No. 5, p. 3). Thus, Petitioner had adequate warning that dismissal would result from his
27   noncompliance with the Court's order.
28   ///

**ORDER**

Accordingly, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus (Doc. No. 1), be DISMISSED for failure to obey the Court's order.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:  **September 19, 2016**           **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE