UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN STACEY POMBO, | Case No.: 1:16-cv-01159-AWI-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION |
| v. | |
| | [TWENTY-ONE DAY OBJECTION DEADLINE] |
| SCOTT FRAUENHEIM, Warden, | |
| Respondent. | |

Petitioner filed a First Amended Petition on September 19, 2016. After conducting a preliminary screening of the petition, it appears that the petition fails to present any cognizable grounds for relief. Therefore, the Court will recommend that the First Amended Petition be **SUMMARILY DISMISSED**.

I.      **PROCEDURAL HISTORY**

On March 19, 1998, Petitioner was convicted in the Stanislaus County Superior Court of possession of methamphetamine and being a felon in possession of a firearm. (Doc. No. 9.) He was sentenced under California's Three Strikes law (Cal. Penal Code §§ 667(b)-(i) and 1170.12(a)-(d)) to a term of 25-years-to-life plus one year on the first count, and a concurrent 25-years-to-life term on the second count. Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and the appeal was denied on November 1, 1999.

On December 30, 2013, Petitioner petitioned for recall of his sentence in the Stanislaus County Superior Court under Cal. Penal Code § 1170.126(b).  The Stanislaus County Superior Court denied the petition on March 14, 2014, finding Petitioner ineligible for resentencing as a matter of law.  The Court determined that for purposes of Section 1170.126, his present conviction for being a felon in possession of a firearm excluded him from consideration.  (Doc. No. 9 at pp. 4-5.)  On July 8, 2014, Petitioner appealed to the Fifth DCA, which summarily affirmed the judgment on December 1, 2015.  (Doc. No. 9 at p. 5.)  Petitioner then filed a petition for review in the California Supreme Court.  The petition was summarily denied on February 17, 2016.  (Doc. No. 9 at p. 16.)  The summary denials by the Fifth DCA and California Supreme Court are deemed to rest on the same basis articulated by the superior court.  Ylst v. Nunnemaker, 501 U.S. 797 (1991).

Petitioner filed his initial federal petition in this Court on August 8, 2016.  (Doc. No. 1).  After conducting a preliminary screening of the petition, the Court found that Petitioner had failed to demonstrate exhaustion of state remedies and had failed to sign the petition under penalty of perjury.  Petitioner was directed to file an amended petition.  On September 19, 2016, Petitioner filed the instant First Amended Petition.  (Doc. No. 9.)  The First Amended Petition does not challenge the underlying conviction.  Like his state habeas petitions, Petitioner challenges the execution of his sentence.  He disputes the state courts' finding that he is ineligible for resentencing under Cal. Penal Code § 1170.126.  He claims the state courts' erroneous conclusion violates his state and federal due process rights.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law"); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Here, Petitioner challenges the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. <u>Lewis v. Jeffers</u>, 497 U.S. 764 (1990); <u>Sturm v. California Youth Authority</u>, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In order to state a claim for relief, Petitioner must demonstrate that the state committed sentencing error, and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. <u>Richmond v. Lewis</u>, 506 U.S. 40 (1992). Petitioner has failed to demonstrate such a violation here.

Cal. Penal Code § 1170.126(b) permits petitions to recall sentences only for those prisoners

3

whose convictions are for "a felony or felonies that [is/]are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" and who do not meet one of the exclusions in Section 667.5 (e)(2)(C). In this case, the crime of being a felon in possession of a firearm is not a serious and/or violent felony as described in Section 667.5(c) or Section 1192.7(c); however, it meets the exclusion set forth in Section 667.5(e)(2)(C)(iii) insofar as Petitioner was "armed with a firearm" within the meaning of the exclusion. In People v. White, 223 Cal.App.4th 512 (2014), *reh'g denied* (Feb. 21, 2014), *review denied* (Apr. 30, 2014), the state court specifically held:

> [W]here the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, the defendant is not entitled to resentencing relief under the Reform Act.

Id.

This Court is bound by the state court's interpretation in White as to how Section 1170.126 applies to convictions, such as Petitioner's, for being a felon in possession of a firearm that occurred in 1998. Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (per curiam).

Petitioner's attempt to transform his claim into a violation of federal constitutional rights by general, conclusory references to "federal due process" is unavailing. Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"). Insofar as this Court is bound by the state court's determination that no sentencing error occurred, Petitioner fails to state a cognizable federal habeas claim. The petition must be dismissed.

### III.    RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the instant First Amended Petition for Writ of Habeas Corpus be **DISMISSED with prejudice** for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written

objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 26, 2016**            /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE